Matter of Toledano

2026 NY Slip Op 02606

April 28, 2026

Appellate Division, First Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Tamar Toledano, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Tamar Toledano (OCA Atty. Reg. No. 5781505), Respondent.

Supreme Court, Appellate Division, First Judicial Department

Decided and Entered: April 28, 2026

Motion No. 2026-00706|Case No. 2026-00597|

Present — Hon. Troy K. Webber, Justice Presiding, Tanya R. Kennedy, David Friedman, Bahaati E. Pitt-Burke, Shlomo S. Hagler

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Louis J. Bara, of counsel), for petitioner.

Respondent, pro se.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Tamar Toledano, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on February 26, 2021.

Per Curiam

[*1]

Respondent Tamar Toledano was admitted to the practice of law in the State of New York by the Third Judicial Department on February 26, 2021. At all times relevant to this proceeding, respondent maintained a registered address in the First Department (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a][2]).

By order dated September 3, 2025, the United States Patent and Trademark Office (USPTO) suspended respondent for four months, on consent, based on respondent's violation of USPTO trademark signature rules.

In December 2022, respondent began representing clients in trademark matters and received referrals from three businesses located in China. Respondent instructed her non-attorney staff, and employees of the Chinese businesses to enter her signature on trademark applications and other USPTO documents in contravention of USPTO rules requiring the named signatory to sign trademark documents personally (see 37 CFR 2.193[a], [c], [d], [f]). In January 2024, upon learning of the personal signature requirement, respondent wrote a letter to the Deputy Commission for Trademark Examination Policy (DCTEP) to advise of her lack of compliance with such requirement as to 401 trademark applications and nine renewal applications. Respondent noted in the letter that she believed she was permitted to authorize another to sign documents on her behalf after reviewing and approving them but acknowledged that her belief was incorrect. The following month, respondent wrote another letter to the DCTEP reporting her lack of compliance with the personal signature requirement as to an additional 2,316 trademark applications.

From December 2022 through June 2023, respondent also had a business relationship with a company based in Pakistan that referred over 100 clients to respondent. In June 2023, respondent learned that the Pakistan company engaged in a fraudulent scheme by providing inaccurate filing fee quotes, fabricating USPTO deadlines and notices, and issuing fake registration certificates to create a false impression of completed trademark registrations. Although respondent terminated her relationship with the Pakistan company, she did not contact the affected clients for approximately nine months.

Respondent and the USPTO Director of the Office of Enrollment and Disciplineentered into a Settlement Agreement in which respondent admitted that her actions violated 7 CFR 11.101, 11.103, 11.104(a)(1), 11.104(a)(2), 11.104(b), 11.108(f)(1), 11.503(a) and (b), 11.804(c), and 11.804(d) of the USPTO Rules of Professional Conduct, and respondent was suspended for four months, on consent, commencing September 3, 2025.

Respondent timely reported her suspension (see 22 NYCRR 1240.13[d]).

[*2]

By motion dated February 5, 2026, the Attorney Grievance Committee (AGC) seeks an order, pursuant to 22 NYCRR 1240.13(d), and Judiciary Law § 90(2), finding that respondent has been disciplined by a foreign jurisdiction, and directing her to demonstrate why discipline should not be imposed in New York for the misconduct underlying her discipline in the USPTO. Respondent appears in this proceeding pro se and consents to the imposition of reciprocal discipline.

A four-month suspension, as requested by the AGC, is the appropriate reciprocal discipline in this matter as it is commensurate with the suspension imposed by the USPTO and in accord with this Court's precedent involving similar conduct (Matter of Zhong, — AD3d —, 2026 NY Slip Op 00447 [1st Dept 2026]). Further, none of the defenses available under 22 NYCRR 1240.13(b) apply here as respondent had notice of the misconduct allegations and entered into a Settlement Agreement in the USPTO proceeding, where she admitted to engaging in misconduct in violation of 37 CFR 11.101, 11.103, 11.104(a)(1), 11.104(a)(2), 11.104(b), 11.108(f)(1), 11.503(a) and (b), 11.804(c), and 11.804(d) of the USPTO Rules of Professional Conduct. Respondent's admitted misconduct also violated rules 1.1(a), 1.3(a), 8.4(c), and 8.4(d) of the New York Rules of Professional Conduct (22 NYCRR 1200.0), which are substantially similar to the USPTO rules.

Accordingly, the AGC's motion for reciprocal discipline, on consent, should be granted, and respondent suspended from the practice of law for a period of four months, effective 30 days from the date of this order, and until further order of this court.

All concur.

Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, on consent, is granted, and respondent, Tamar Toledano, is suspended from the practice of law for a period of four months, effective 30 days from the date of this order, and until further order of the Court; and

It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Tamar Toledano, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and

It is further Ordered that, during the period of suspension, respondent, Tamar Toledano, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and

[*3]

It is further Ordered that if respondent, Tamar Toledano, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.

Entered: April 28, 2026